# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JEROME SLAYTON, JR.,<br>Defendant. | Case No. 19-cr-0500 BLF (NC)<br>**DETENTION ORDER**<br>Hearing: 7/28/2023 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on July 28, 2023, held a detention or release hearing for defendant Jerome Slayton Jr. The Court concluded that Slayton must be detained due to a risk of non-appearance and danger to the community as he did not establish a basis for release.

Slayton is charged in the present matter with a violation of the terms of his supervised release. Specifically, he is alleged to have possessed and brandished a loaded firearm on December 24, 2021. In the underlying case, Slayton was convicted and sentenced to 27 months of prison followed by 3 years of supervised release for one felony count of felon in possession of a firearm and ammunition (18 U.S.C. § 922(g)(1)). *See* Indictment, ECF 1, filed 10/3/2019, and Amended Judgment, ECF 33. Slayton appeared at the detention hearing with his appointed counsel, AFPD Dejan Gantar. Slayton was advised

of his rights.

Both parties presented their factual assertions by proffer. The parties and the Court were assisted by U.S. Probation. Slayton argued for release to live with his wife, who was present at the hearing.

Under Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. §3143(a), the defendant charged with violation of supervised release has the burden of establishing by "clear and convincing evidence" that he or she will not flee or pose a danger to any other person or to the community. Based on the information presented to the Court and considering all the factors set forth in 18 U.S.C. § 3142(g), the Court determined that Slayton did not meet his burden of establishing a basis for release. Based on Slayton's performance on supervised release (a new firearm charge after 3.5 months, followed by a state court conviction, and no contact with Probation while on bail), 2019 flight attempt, use of 12 aliases, and criminal history of firearm convictions, there is no combination of conditions that will reasonably assure the safety of the community and in particular the safety of his wife and minor children. The Court notes that Slayton was ordered detained in the underlying federal case before his conviction.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: July 28, 2023

Nathanael M. Cousins
United States Magistrate Judge